**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**TIMOTHY GREG TACKETT,**

                **Petitioner,**

        -vs-                                                                      **Case No. 12-C-875**

**JOHN PAQUIN,**
**Warden of Racine**
**Correctional Institution,**

                **Respondent.**

---

**DECISION AND ORDER**

---

        The pro se Petitioner, Timothy Greg Tackett ("Tackett"), filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Tackett is currently in the custody of Respondent John Paquin ("Paquin") at the Racine Correctional Institution for his July 22, 2008, conviction by the Circuit Court for Fond du Lac County, Wisconsin. Tackett was convicted of second degree sexual assault of a child under the age of 16. (*See* Pet. 2.) Tackett states he is serving a 25-year sentence.

        Tackett has paid the $5.00 filing fee. This matter is now before the Court for preliminary review under Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts**.**

        Rule Four states that after preliminary consideration by a district court judge,

> [i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

A valid application for a writ of a habeas corpus must allege that the petitioner is in custody pursuant to a state court judgment in violation of the Constitution. 28 U.S.C. § 2254(a). Additionally, the application must not be granted unless the applicant has exhausted his available remedies in state court or there is no existing fair corrective process under state law to protect the rights of the petitioner. *See* 28 U.S.C. § 2254(b)(1).

Tackett is in custody pursuant to the judgment he challenges. With respect to the exhaustion requirement, claims are exhausted when they have presented to the highest state court for a ruling on the merits or when no other state remedies exist. 28 U.S.C. § 2254(b)(1). Before a federal court may consider the merits of a petitioner's claims, the petitioner must give the state's highest court an opportunity to review each claim. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Wisconsin, this means that state prisoners who wish to present their claims in federal court must first present the operative facts and controlling legal principles of those claims to the Wisconsin Court of Appeals and then to the Wisconsin Supreme Court. *Moore v. Casperson*, 345 F.3d 474, 486 (7th Cir. 2003). Based upon Tackett's submissions, it appears that Tackett has exhausted all available state remedies as to the ground for relief he has stated in his petition.

-2-

Tackett's petition lists two grounds for relief based on the trial judge's *ex parte* communications with the jury. Liberally construed, the grounds are as follows: (1) the trial judge communicated with the jury without the presence of Tackett or his attorney; (2) during the jury's deliberations it had *ex parte* communications with the judge. While listed as two grounds, Tackett raises a single ground regarding the trial judge's *ex parte* communications with the jury during its deliberations. As such, Tackett's petition is construed as raising the claim that he is in custody in violation of the Sixth Amendment's Confrontation clause and the due process clause of the Fifth and Fourteenth Amendments. *See United States v. Gagnon*, 470 U.S. 522, 526 (1985); *Moore v. Knight*, 368 F.3d 936, 940 (7th Cir. 2004); *Ellsworth v. Levenhagen*, 248 F.3d 634, 640 (7th Cir. 2001).

The ground presents an arguable constitutional violation which, if demonstrated, would entitle Tackett to federal habeas corpus relief. As such, summary dismissal under Rule 4 is inappropriate because it does not appear from the face of Tackett's petition, as clarified, that his claim is plainly meritless. Paquin will, therefore, be required to file an answer to the claim raised by Tackett's petition for a writ of habeas corpus.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT:**

Paquin **MUST** file an answer to Tackett's petition **on or before November 8, 2012**; and

Such answer **MUST** comply with the requirements of Rule 5 of the Rules

-3-

Governing Section 2254 Cases in the United States District Courts;

Dated at Milwaukee, Wisconsin, this 7th day of September, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**